OPINION
{¶ 1} Appellant, Kim Johnson, appeals from the judgment entered by the Ashtabula County Court of Common Pleas, Juvenile Division. The trial court terminated the parental rights of Tanna Howser ("Tanna") and granted permanent custody to appellee, Ashtabula County Children Services Board.
 {¶ 2} Appellant is the legal guardian of Tanna Howser, the mother of Hope Walker ("Hope"). Hope was born on November 1, 1999. She was removed from her home when she was eleven days old.
 {¶ 3} Tanna was fifteen years old when she conceived Hope. Evidence presented at trial indicated that Tanna has a moderate level of mental retardation. Dr. Patricia Gillette interviewed Tanna on several occasions to complete a psychological report. She also conducted a variety of tests on Tanna to determine her mental abilities. Dr. Gillette determined that Tanna was functioning at a second-grade level and would not be able to live on her own. Dr. Gillette recommended that Tanna not be given custody of Hope.
 {¶ 4} The alleged father of Hope is Johnny Walker. He was twenty-seven years old when Hope as born. There was evidence presented that he was living with Tanna's parents and that Tanna's father permitted him to sleep with Tanna on New Year's Eve of 1998.
 {¶ 5} In February 2000, Tanna was removed from her parents' home by appellee. She was placed with a family friend, appellant. At the time of the hearing, appellant was the legal guardian of Tanna. Appellant has petitioned the court for custody of Hope and was a party to these proceedings.
 {¶ 6} Hope was placed in a foster-to-adopt home. The foster mother testified that Hope has bonded well to her family.
 {¶ 7} Tanna and her mother, Gaylene Howser, also have appeals pending before this court that are decided today.[1] Johnny Walker is the alleged father of Hope. He is not a party to any of the current appeals to this court involving this case.
 {¶ 8} Appellant raises three assignments of error on appeal. Appellant's first assignment of error is:
 {¶ 9} "The trial court erred to the prejudice of the appellant by violating her constitutional right to due process of law by barring her from cross-examining witnesses and presenting evidence at the permanent custody hearing."
 {¶ 10} The trial court bifurcated the proceedings into an adjudicatory phase and a dispositional or "best interest" phase. The adjudicatory phase was to determine if the parental rights should be terminated, and the dispositional phase was to determine whether a grant of permanent custody was in Hope's best interest. Clearly, appellant, as a prospective adoptive parent, had no role in the adjudicatory phase. Thus, the trial court did not permit appellant to participate in the adjudicatory phase; however, she was permitted to participate in the subsequent dispositional phase.
 {¶ 11} It was well within the trial court's discretion to bar appellant from the initial portion of the case. The hearing was being held to determine if Tanna's parental rights should be terminated. Tanna was represented by counsel, so her interests were protected. In addition, Tanna had another attorney acting as her guardian ad litem, who also participated in the hearing.
 {¶ 12} Appellant cites Mathews v. Eldridge in support of her proposition that her due process rights were violated.[2] In Mathews, the United States Supreme Court set forth the following test to determine the amount of due process to be afforded: (1) the interest that could be lost; (2) the risk of error by not providing additional safeguards; and (3) the burden on the government in providing additional safeguards.[3]
As the legal guardian for Tanna, appellant's interests in this matter stemmed directly from the interests of Tanna. Tanna and her interests were adequately represented in this matter, as she was represented by counsel and was appointed an attorney guardian ad litem. Finally, we note that Tanna's parents also were present, represented by counsel, and participated in the hearing.
 {¶ 13} Appellant's first assignment of error is without merit.
 {¶ 14} Appellant's second and third assignments of error are:
 {¶ 15} "[2.] The trial court's finding of facts and decision to grant permanent custody to the Ashtabula County Children Services Board were not supported by clear and convincing evidence and were against the manifest weight of the evidence.
 {¶ 16} "[3.] The guardian ad litem of Hope Walker failed to meaningfully participate and perform her statutory duties as guardian ad litem."
 {¶ 17} Due to our finding merit in Tanna Howser's first assignment of error in case No. 2002-A-0089, and our reversal of the judgment of the trial court, these assignments of error are moot.
 {¶ 18} The judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings.
JUDITH A. CHRISTLEY, J., concurs,
DIANE V. GRENDELL, J., dissents.
[1] In re Hope Walker (Feb. 21, 2003), 11th Dist. No. 2002-A-0087; Inre Hope Walker (Feb. 21, 2003), 11th Dist. No. 2002-A-0089.
[2] Mathews v. Eldridge (1976), 424 U.S. 319.
[3] Id.